IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 7069 |
| | ) |
| GROTE INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Pending before the court is Defendant Grote Industries, Inc.'s[1] "Motion to Dismiss or Alternatively to Transfer Venue." (Dkt. No. 12.) For the reasons stated below, the motion is granted. This matter is hereby transferred to the New Albany Division of the Southern District of Indiana.

BACKGROUND

Grote Industries, LLC ("Grote") is an Indiana Limited Liability Company headquartered in Madison, Indiana, located in southeast Indiana. (Dkt. No. 13, at 1.) Grote's sole business facility in the United States is in Madison, Indiana, where it employs more than one thousand people to manufacture vehicle lighting and safety systems. (*Id.* at 2.) Grote also has engineering, design, sales, and management personnel at its facility in Madison, and all its business records and inventory is

---

[1] Grote Industries, Inc. stated that Grote Industries, Inc., is a holding company that makes and sells no products, and that the actual party in interest is Grote Industries, LLC, Grote Industries, Inc.'s subsidiary. (Dkt. No. 13, at 6.) Moreover, Grote Industries, Inc., agreed that it would be appropriate for this court to substitute Grote Industries, LLC in this action pursuant to Fed. R. Civ. P. 21. (*Id.*) Lewis does not object. (*See* Dkt. No. 17.) Accordingly, the court will substitute Grote Industries, LLC for Grote Industries, Inc. as the defendant in this case.

located there. (*Id.* at 2-3.) Grote sells its products throughout the United States, including making 7% of its sales in Illinois.

Keith Lewis is a citizen and resident of the United Kingdom. (Dkt. No. 17, at 8.) Lewis owns U.S. Patent No. 2,252,407 (the '407 Patent), which covers a lighting apparatus that uses high-power LED lights while also removing the heat that they generate. (*Id.* at 2.) On October 6, 2011, Lewis filed a complaint in the Northern District of Illinois, alleging that twenty-one different Grote lighting products infringe the '407 Patent. (Dkt. No. 1.)

## LEGAL ANALYSIS

Section 1404 of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court may transfer a case under § 1404 when "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *United Airlines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998); *see also Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). To determine whether the transfer will serve the convenience of the parties and the interests of justice, the court must make an "individualized, case-by-case" determination. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation marks and citation omitted). In that inquiry, Grote, as the moving party, bears the burden of showing that the "transferee forum is clearly more convenient" than the transferor form. *Heller Fin.*, 883 F.2d at 1293 (quotation marks and citation omitted). Additionally, "[d]istrict courts have broad discretion to grant or deny a motion to transfer under § 1404(a) . . . ." *Id.*

DISCUSSION

The parties do not dispute that venue is proper both here and in the Southern District of Indiana. The court therefore need consider only whether the Southern District of Indiana is clearly more convenient than the Northern District of Illinois. Grote's headquarters and sole facility is in Madison, Indiana, which is in the New Albany Division of the Southern District of Indiana. If the case is transferred to the Southern District of Indiana, trial would likely occur in New Albany, which is just across the Ohio river from Louisville, Kentucky, and is easily accessed from the Louisville airport. Accordingly, the court must evaluate the relative merits of venue in Chicago and New Albany, Indiana, considering the convenience of the parties and witnesses and the interests of justice.

I.     Considerations of Convenience

Courts have considered a wide range of convenience factors, including "the plaintiff's choice of forum, the convenience of the witnesses and parties, the situs of material events, and the location of documents and sources of proof." *United Air Lines*, 8 F. Supp. 2d at 798.

    A.     Plaintiff's Choice of Forum

Courts have accorded the plaintiff's choice of forum "substantial weight" in the transfer analysis. *See, e.g.*, *id.* But the weight given to the plaintiff's choice is lessened when, as here, the plaintiff is not a resident of the district he has chosen. *See Abbott v. Church & Dwight, Inc.*, No. 07-C-3428, 2007 WL 3120007, at *3 (N.D. Ill. Oct. 23, 2007). The force of the plaintiff's choice is also diminished "if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). The sole connection of the Northern District of Illinois to this litigation is that the defendant

sells the allegedly infringing product here, as it does in many other states. Accordingly, the court places minimal weight on the plaintiff's choice of forum as a distinct factor in the transfer analysis.

      B.      Situs of Material Events

As Grote points out, the design and manufacture of the allegedly infringing product occurred at Grote's facilities in Madison, Indiana. Nonetheless, "the material events of a patent infringement case do not revolve around any particular situs," *Medi USA L.P. v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992), so the significance of this factor is minimal.

      C.      Location of Documents and Sources of Proof

The documents related to Grote's manufacturing processes are located in Madison, Indiana. Nonetheless, most documents will likely be produced electronically, so the location of the documents is a neutral factor. *Leuders v. 3M Co.*, No. 08-C-2457, 2008 U.S. Dist. LEXIS 52609, at *7 (N.D. Ill. July 9, 2008) ("When documents are easily transferable, access to proof is a neutral factor.").

Other evidence, including Grote's lighting and safety systems products and the equipment on which they are manufactured, is also located at Grote's facility in Madison, and may not be easily transferrable. Lewis contends that Grote's products are distributed throughout the United States, and that those in the Northern District of Illinois may serve just as well as evidence. The final product is not the only relevant evidence, however; a patent case may also involve Grote's products at earlier stages of manufacturing, or the equipment on which they are manufactured, items more easily available in the Southern District of Indiana. Accordingly, this factor weighs somewhat in favor of transfer.

      D.      Convenience of the Parties

Grote's facilities in Madison are only fifty miles from New Albany, but over 250 miles from Chicago. Trial in New Albany would be significantly more convenient for Grote. On the other side, Lewis resides in the United Kingdom. Traveling to New Albany, Indiana instead of to Chicago will cost Lewis slightly more and take several additional hours of travel time. Lewis must travel a significant distance regardless of the location of the trial, however. Consequently, on balance, the inconvenience and expense to Grote of coming to Chicago weighs more heavily than the inconvenience to Lewis of coming to New Albany. This factor thus weighs in favor of transfer.

E. Convenience of Witnesses

When evaluating the convenience of the witnesses and the parties, "the court may consider the following factors: the number of potential witnesses located in the transferor and transferee districts; the expense of transportation and the length of time the witnesses will be absent from their jobs; the nature, quality, and indispensability of the witnesses testimony; and whether the witnesses can be compelled to testify." *Medi USA L.P.*, 791 F. Supp. at 211. "The convenience of witnesses is often viewed as the most important factor in the transfer balance." *See Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 836 (N.D. Ill. 2004)

The court agrees with Grote that the majority of witnesses in this case will be Grote employees who reside in the Southern District of Indiana near Grote's facility in Madison. Transporting those employees to Chicago, rather than to New Albany, will cause the employees some inconvenience and cause Grote to incur substantial expense. The weight of that inconvenience must be discounted, however, because "[c]ourts are less concerned about the burden that appearing at trial might impose on witnesses who are . . . employees of parties," because "it is presumed such witnesses will appear voluntarily." *Bullard v. Burlington N. Santa Fe Ry.*, No. 07-C-6883, 2008 U.S.

Dist. LEXIS 78517 (N.D. Ill. Aug. 29, 2008).

Far more significant is the convenience of non-party witnesses. Grote has identified one prior art witness, a former employee, who resides in Charlestown, Indiana, over 250 miles from Chicago but only twenty miles from New Albany. Trial in the Southern District of Indiana would be significantly more convenient for him, and he is within the Southern District of Indiana's subpoena power. *See* Fed. R. Civ. P. 45(b)(2)(B).

The parties have identified no other witnesses residing in either the Northern District of Illinois or the Southern District of Indiana. Lewis points out that another prior art witness resides in Tucson, Arizona, that the attorneys who prosecuted Lewis's patent reside in Milwaukee, Wisconsin, and London, and that three other former Grote employees reside outside of either district. Lewis contends that these witnesses will more easily be able to travel to Chicago than to New Albany. The court disagrees. First, the court finds that it is unlikely that Lewis's patent prosecution attorneys will need to testify, as Grote has not alleged inequitable conduct against Lewis. Second, the additional convenience of traveling to Chicago for these witnesses is negligible. New Albany is easily accessible from the Louisville International Airport, a large airport serving a major metropolitan area.

Accordingly, the court determines that trying the case in New Albany is significantly more convenient for one non-party witness, that it is significantly more convenient for Grote's employee witnesses, and that it is neutral for the other non-party witnesses. Overall, the convenience of the witnesses weighs in favor of transfer.

II.     The Interests of Justice

"The final consideration under § 1404(a) is whether a change of venue would serve the

interests of justice." *United Air Lines*, 8 F. Supp. 2d at 800. Factors to consider include "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Id.* (citation and quotation marks omitted). "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

      A.      Familiarity with Applicable Law

In this case, both venues are federal district courts applying the same federal law. In such situations, most courts have frowned on the suggestion that the judges of one district are more capable or experienced in a particular area than are judges of another district.[2] To hold otherwise would be inconsistent with the generalist nature of the United States district courts.

Lewis contends that the court should nonetheless give significant weight to the Northern

---

[2] *See, e.g.*, *Intema Ltd. v. NTD Labs., Inc.*, 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009) ("[F]ederal courts are presumed to have equal familiarity with federal patent law."); *Duramed Pharm., Inc. v. Watson Labs., Inc.*, No. 08-C-116, 2008 WL 5232908, at *2 (D. Nev. Dec. 12, 2008) ("[B]ecause this case arises under federal law, this court has the same familiarity as the United States District Court for the Central District of California."); *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) ("[B]ecause this action arises under federal law, this Court cannot be presumed to have greater knowledge of the applicable law than does the federal court in South Carolina."); *Sec. & Exch. Comm'n v. Kasirer*, No. 04-C-4340, 2005 WL 645246, at *3 (N.D. Ill. Mar. 21, 2005) ("The applicable law in this case is federal securities law, and thus a judge in a particular district has no inherent advantage over judge [sic] in other districts."); *Recoton Corp. v. Allsop, Inc.*, 999 F. Supp. 574, 578 (S.D.N.Y.1998) ("Since patent law is federal law, any district court may handle a patent case with equal skill."). *But see Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 801 (E.D. Tex. 2006) ("This Court has the utmost respect for the Southern District of New York and is certain the judges in that district are quite capable of hearing this case, if it is transferred. However, this Court does have extensive experience with patent litigation."); *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 344 (S.D.N.Y. 2002) ("[T]he Southern District of New York is well known to have expertise in securities law, and the Court is able to move this case forward promptly and expeditiously.").

District of Illinois's expertise in patent law because the Northern District of Illinois is a participant in the Patent Pilot Program, but the Southern District of Indiana is not. *See* 28 U.S.C. § 137 note. Under the program, designated judges within a participating district may receive additional patent cases from non-designated judges in the same district who decide voluntarily to transfer patent cases. *Id.* In light of the structure of the program, and contrary to Lewis's suggestions, the program does not necessarily enhance the patent expertise of the participating districts vis-a-vis other districts. Instead, it enhances the patent expertise of participating judges *within* a district vis-a-vis other judges in the same district. Moreover, if the program is made permanent, Congress will likely extend it to all districts, rather than leaving some districts in the program and creating the impression that they are specialty patent courts. *See id.* § 1(e)(1)(E) (requiring that the Administrative Office of the U.S. Courts provide Congress with "an analysis of whether the pilot program should be extended to other district courts, or should be made permanent and apply to all district courts"). Consequently, the court concludes that Congress did not intend to use the program to designate specialty patent districts. Participation in the program thus should not weigh in the venue transfer analysis. *See Round Rock Research, LLC v. Oracle Corp.*, No. 11-C-332, 2011 WL 5600363, at *9 (E.D. Tex. Oct. 11, 2011) ("Further, the Court finds that regardless of the Eastern District's participation in the Patent Pilot Program, both Courts are capable of applying patent law appropriately. The Court finds these factors to be neutral.").

      B.      Speed of Disposition and Speed to Trial

The median time to disposition for all cases is 6.2 months in the Northern District of Illinois, and 9.8 months in the Southern District of Indiana. The median time to trial for all cases is 26.9 months in the Northern District of Illinois and 32.3 months in the Southern District of Indiana.

Admin. Office of the U.S. Courts, *Judicial Business of the United States Courts: 2010 Annual Report of the Director* 176 (2011). The Northern District of Illinois will likely provide a slightly speedier disposition of this case. The times to trial and disposition in the two districts are not significantly different, however, so this factor weighs only slightly against transfer.

      C.      Locale's Interest in Resolving Controversy

Finally, "[r]esolving litigated controversies in their locale is a desirable goal of the federal courts." *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997). Here, the Indiana courts have a significant interest in addressing a grievance against a corporation located within their jurisdiction. At the same time, "[t]he Northern District of Illinois has an interest in protecting its citizens from infringement and preventing infringers from operating within its boundaries." *Tech. Concepts L.P. v. Zurn Indus., Inc.*, No. 02-C-5150, 2002 WL 31433408, at *7 (N.D. Ill. Oct. 31, 2002). The court finds that the Northern District of Illinois's interest is entitled to diminished weight, as it is an interest common to the many districts in which Grote sells its products. Accordingly, this factor weighs slightly in favor of transfer.

III.      Balance

After balancing all of the relevant factors, the court concludes that Grote has met its burden of showing that venue is clearly more appropriate in the Southern District of Indiana. Aside from the general factors applicable to any case, such as the speed of disposition and the ease of accessing Chicago's airports from many remote locations, Lewis has identified no particular reason this case should be heard in the Northern District of Illinois. Consequently, "[t]his case has absolutely no relevant connection to this district. Not a single party, witness, or source of proof is located in the Northern District of Illinois." *Timebase Pty Ltd. v. Thomson Corp.*, No. 07-C-460, 2007 WL 772946,

at *3 (N.D. Ill. Mar. 9, 2007). At the same time, venue in the Southern District of Indiana will be more convenient for the majority of witnesses in the case, will facilitate the evaluation of physical evidence in Madison, Indiana, will not significantly inconvenience Lewis, and will ensure that Indiana courts can vindicate their interest in addressing a grievance against an Indiana corporation.

## CONCLUSION

For the reasons stated above, the court substitutes Grote Industries, LLC for Grote Industries, Inc. as the defendant in this litigation. The court also grants Defendant's "Motion to Dismiss or Alternatively to Transfer Venue" (Dkt. No. 12). This action is hereby transferred to the New Albany Division of the Southern District of Indiana.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN

Chief Judge, United States District Court

Date: January 24, 2012